**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, and COMMONWEALTH OF PENNSYLVANIA,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>SINCLAIR BROADCAST GROUP, INC., and<br>PERPETUAL CORPORATION,<br><br>　　　　　　Defendants. | CASE NO. 14-cv-01186<br><br>JUDGE: TSC |

**PLAINTIFF UNITED STATES OF AMERICA'S MOTION AND
MEMORANDUM FOR ENTRY OF THE PROPOSED FINAL JUDGMENT**

Pursuant to the Antitrust Procedures and Penalties Act, 15 U.S.C. § 16(b)-(h) ("APPA"), plaintiff United States of America ("United States") moves for entry of the proposed Final Judgment filed on July 15, 2014. The proposed Final Judgment may be entered at this time without further proceedings if the Court determines that entry is in the public interest. 15 U.S.C. § 16(e). The Competitive Impact Statement ("CIS") filed by the United States on July 15, 2014, explains why entry of the proposed Final Judgment is in the public interest. The United States is filing simultaneously with this Motion and Memorandum a Certificate of Compliance (attached as Exhibit 1) setting forth the steps taken by the parties to comply with all applicable provisions of the APPA and certifying that the sixty-day statutory public comment period has expired.

**I. Background**

On July 15, 2014, the United States and the Commonwealth of Pennsylvania filed a Complaint in this matter challenging the proposed acquisition by Defendant Sinclair Broadcast

1

Group, Inc. ("Sinclair") of Defendant Perpetual Corporation ("Perpetual"). The Complaint alleged that the proposed acquisition's likely effect would be to increase broadcast television spot advertising prices in the Harrisburg-Lancaster-Lebanon-York Designated Market Area ("DMA") in violation of Section 7 of the Clayton Act, 15 U.S.C. §§ 18.

With the Complaint the United States also filed the proposed Final Judgment, which is designed to eliminate the anticompetitive effects of the proposed acquisition; the CIS; and a Hold Separate Stipulation and Order ("Hold Separate") signed by the parties consenting to entry of the proposed Final Judgment after compliance with the requirements of the APPA. Under the terms of the Hold Separate, which the Court entered on July 21, Defendants were allowed to consummate the proposed acquisition subject to ongoing requirements that the Defendants take certain steps to ensure that WHTM-TV is operated as a competitively independent, economically viable business that is uninfluenced by Sinclair so that competition is maintained until the divestiture required by the proposed Final Judgment occurs. On August 1, 2014, pursuant to Section VIII of the proposed Final Judgment, Sinclair notified the United States that it and Media General Operations, Inc. ("Media General") had executed a definitive agreement for Media General to acquire the Divestiture Assets. On August 13, 2014, the FCC approved assignment of the WHTM-TV station license to Media General, and the transaction closed on September 2, 2014. In sum, the required divestiture has taken place, and the Divestiture Assets are now owned by Media General.

Entry of the proposed Final Judgment would terminate this action, except that the Court would retain jurisdiction to construe, modify, or enforce the provisions of the Final Judgment and to punish violations thereof.

## II. Compliance with the APPA

The APPA requires a sixty-day period for the submission of written comments relating to the proposed Final Judgment, 15 U.S.C. § 16(b). In compliance with the APPA, the United States filed the CIS with the Court on July 15, 2014, and published the proposed Final Judgment and CIS in the Federal Register on July 23, 2014, *see* 79 Fed. Reg. 42,817 (2014). Summaries of the terms of the proposed Final Judgment and CIS, together with directions for the submission of written comments relating to the proposed Final Judgment, were published in *The Washington Post* for seven days during the period July 22, 2014, through July 28, 2014. The sixty-day period for public comments ended on September 26, 2014.[1] The United States received no written comments relating to the proposed Final Judgment.

The Certificate of Compliance filed with this Motion and Memorandum states that all the requirements of the APPA have been satisfied. It is now appropriate for the Court to make the public interest determination required by 15 U.S.C. § 16(e) and to enter the proposed Final Judgment.

## III. Standard of Judicial Review

Before entering the proposed Final Judgment, the APPA requires the Court to determine whether the proposed Final Judgment "is in the public interest." 15 U.S.C. § 16(e)(1). In making that determination, the Court shall consider:

> (A) the competitive impact of such judgment, including termination of alleged violations, provisions for enforcement and modification, duration of relief sought, anticipated effects of alternative remedies actually considered, whether its terms are ambiguous, and any other competitive considerations bearing upon the adequacy of such judgment that the court deems necessary to a determination of whether the consent judgment is in the public interest; and

---

[1] In addition, although not required by the APPA, a summary of the terms of the proposed Final Judgment and Competitive Impact Statement were published in several local newspapers in the Harrisburg-Lancaster-Lebanon-York, PA area during the period July 23, 2014, through August 3, 2014. Even assuming the comment period began on August 3, 2014, that period expired on October 2, 2014.

    (B)  the impact of entry of such judgment upon competition in the relevant market or markets, upon the public generally and individuals alleging specific injury from the violations set forth in the complaint including consideration of the public benefit, if any, to be derived from a determination of the issues at trial.

15 U.S.C. § 16(e)(l)(A),(B).

In its CIS, the United States set forth the public interest standard under the APPA and now incorporates those statements herein by reference. The public, including affected competitors and customers, has had the opportunity to comment on the proposed Final Judgment as required by law. As explained in the CIS, entry of the proposed Final Judgment is in the public interest.

## IV. Conclusion

For the reasons set forth in this Motion and Memorandum and the CIS, the Court should find that the proposed Final Judgment is in the public interest and should enter the proposed Final Judgment without further proceedings. The United States respectfully requests that the proposed Final Judgment be entered at this time.

Dated:   October 23, 2014

Respectfully submitted,

/s/ David B. Lawrence

David B. Lawrence*
Maureen Casey (D.C. Bar #415893)
Alvin Chu
Lorenzo McRae (D.C. Bar #473660)
Robert E. Draba (D.C. Bar #496815)
Trial Attorneys

United States Department of Justice
Antitrust Division
Telecommunications and Media Section
450 Fifth Street, N.W., Suite 7000
Washington, D.C. 20530
Phone: 202-532-4698
Facsimile: 202-514-6381
E-mail: David.Lawrence@usdoj.gov

*Attorney of Record